#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ENERGY INTELLIGENCE GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> PECO ENERGY COMPANY, <br><br> Defendant. | Civil Action No. _____ <br><br><br> **JURY TRIAL DEMANDED** |

### **COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Energy Intelligence Group, Inc. ("Plaintiff"), alleges the following as and for its complaint against PECO Energy Co., ("Defendant"):

### **INTRODUCTION**

1. Plaintiff brings this action against Defendant under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act") for willful infringement of Plaintiff's registered copyrights.

### **THE PARTIES**

2. Plaintiff is a Delaware corporation with its principal place of business located at 270 Madison Avenue, Suite 302, New York, New York 10016.

3. Upon information and belief, Defendant PECO Energy Co., is a Pennsylvania corporation with its headquarters located at 2301 Market Street, Philadelphia, PA 19103.

### **JURISDICTION AND VENUE**

4. This Court has jurisdiction over causes of action alleging copyright infringement pursuant to Sections 501, *et seq.* of the Copyright Act. Additionally, the Court has federal

question subject matter jurisdiction under 28 U.S.C. § 1331 because the federal courts are vested with exclusive jurisdiction in copyright cases. 28 U.S.C. § 1338(a).

5. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant is present and doing business in this District, and the acts of copyright infringement alleged herein took place in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## FACTUAL BACKGROUND

### A. Plaintiff's Publications

7. Plaintiff, and its predecessors-in-interest, have been engaged in publishing newsletters and other publications for the highly-specialized global energy industry for nearly seventy years. In particular, Plaintiff and its predecessors-in-interest have published the weekly newsletter *Natural Gas Week* ("NGW") since at least as early as 1984. A representative copy of the September 2, 2019 issue of NGW is attached hereto as Exhibit A (the "September 2, 2019 Registered NGW Work").

8. The audience for Plaintiff's publications, including NGW, consists of individuals with an interest in the global energy and power industries, including securities brokers and dealers, consultants, bankers, investors, stock market analysts, traders, commodity analysts, and others who follow or work in these industries or sell goods and services to those in or following these industries.

9. Plaintiff's focus is on providing original, high-quality articles and analysis relating to the energy, natural gas, and related industries through NGW and its other publications. Plaintiff has invested significant time and resources to create its publications, including NGW.

10. Plaintiff's publications, including NGW, do not feature or have any advertisements or sponsors in order to ensure journalistic integrity and objective reporting. Plaintiff is, therefore, dependent on paid subscriptions to sustain the viability of its publications.

11. Plaintiff maintains an experienced and knowledgeable editorial staff of approximately sixty (60) reporters, editors, and analysts at seven (7) editorial bureaus located in New York, Washington, D.C., Houston, London, Moscow, Dubai, and Singapore.

12. The copyrighted, original content and analysis created by Plaintiff included in its publications are valuable copyrighted works and publication assets of Plaintiff. In addition to NGW, Plaintiff also publishes other original publications (the "EIG Publications"), including, but not limited to:

> EI Finance;
> EI New Energy;
> EI New Energy Data Source;
> Energy Compass;
> Energy Intelligence Briefing;
> International Oil Daily;
> Jet Fuel Intelligence;
> LNG Intelligence;
> Natural Gas Week Data Source;
> NGW's Gas Market Reconnaissance;
> Nefte Compass;
> Nefte Compass Data Source;
> Nuclear Intelligence Weekly
> Oil Daily;
> Oil Market Intelligence;
> Oil Market Intelligence Data Source;
> Petroleum Intelligence Weekly;
> Petroleum Intelligence Weekly Data Source;
> World Gas Intelligence; and
> World Gas Intelligence Data Source.

13. Plaintiff has developed an exemplary reputation for its high journalistic standards and the reliability of the content of the EIG Publications.

14. In order for third parties to regularly benefit from Plaintiff's analytical and creative content contained in NGW and Plaintiff's other publications, Plaintiff offers various subscriptions to interested parties to access the valuable content contained therein.

15. Interested parties have various subscription options depending on their respective needs. Subscribers typically obtain NGW and Plaintiff's other publications by email and/or from Plaintiff's website, which permits password-protected access to archived and/or current issues, pursuant to a subscription or license agreement. Plaintiff's website also offers the individual articles in Plaintiff's publications separately from the publication.

16. Interested parties that do not maintain a subscription or license agreement may also purchase individual articles appearing in NGW and Plaintiff's other publications, as well as archived articles, by using Plaintiff's pay-per-article service. The license fee per article, per copy, is $24.00 for articles appearing in NGW. The total license fee for each article under this pay-per-article service is the per-article price multiplied by the number of copies of the requested article.

17. Interested parties that do not maintain a subscription or license agreement may also purchase individual issues of NGW, as well as archived issues, from Plaintiff using Plaintiff's pay-per-issue service. The license fee per issue, per copy, is $395.00 for NGW. The total license fee for each issue under this pay-per-issue service is the per-issue price multiplied by the number of copies of the requested issue.

 **B.** **Plaintiff's NGW Copyrights**

18. Plaintiff is the exclusive copyright owner in, and to, numerous original works of authorship including, without limitation, the registered NGW works at issue and the independently-available articles contained therein.

19. Among other copyright registrations, Plaintiff is the owner of the following U.S. Copyright Registrations for the referenced issues of NGW (hereinafter collectively referred to as the "Registered NGW Works"), attached hereto as Exhibit B:

- No. TX 8-430-634 for Volume 33 covering 5 collective works and the articles contained therein published in May 2017;
- No. TX 8-431-882 for Volume 33 covering 4 collective works and the articles contained therein published in June 2017;
- No. TX 8-430-644 for Volume 33 covering 5 collective works and the articles contained therein published in July 2017;
- No. TX 8-442-707 for Volume 33 covering 4 collective works and the articles contained therein published in August 2017;
- No. TX 8-446-395 for Volume 33 covering 4 collective works and the articles contained therein published in September 2017;
- No. TX 8-471-147 for Volume 33 covering 5 collective works and the articles contained therein published in October 2017;
- No. TX 8-506-089 for Volume 33 covering 4 collective works and the articles contained therein published in November 2017;
- No. TX 8-790-934 for Volume 33 covering 4 collective works and the articles contained therein published in December 2017;
- No. TX 8-675-956 for Volume 34 covering 4 collective works and the articles contained therein published in January 2018;
- No. TX 8-572-966 for Volume 34 covering 4 collective works and the articles contained therein published in February 2018;
- No. TX 8-582-297 for Volume 34 covering 4 collective works and the articles contained therein published in March 2018;
- No. TX 8-598-334 for Volume 34 covering 5 collective works and the articles contained therein published in April 2018;
- No. TX 8-593-086 for Volume 34 covering 4 collective works and the articles contained therein published in May 2018;
- No. TX 8-720-066 for Volume 34 covering 4 collective works and the articles contained therein published in June 2018;
- No. TX 8-681-720 for Volume 34 covering 5 collective works and the articles contained therein published in July 2018;
- No. TX 8-681-838 for Volume 34 covering 4 collective works and the articles contained therein published in August 2018;
- No. TX 8-664-317 for Volume 34 covering 4 collective works and the articles contained therein published in September 2018;
- No. TX 8-718-591 for Volume 34 covering 5 collective works and the articles contained therein published in October 2018;
- No. TX 8-594-267 for Volume 34 covering 4 collective works and the articles contained therein published in November 2018;

- No. TX 8-753-508 for Volume 34 covering 5 collective works and the articles contained therein published in December 2018
- No. TX 8-754-106 for Volume 35 covering 4 collective works and the articles contained therein published in January 2019;
- No. TX 8-754-122 for Volume 35 covering 4 collective works and the articles contained therein published in February 2019;
- No. TX 8-755-722 for Volume 35 covering 4 collective works and the articles contained therein published in March 2019;
- No. TX-8-715-847 for Volume 35 covering 5 collective works and the articles contained therein published in April 2019;
- No. TX 8-808-286 for Volume 35 covering 4 collective works and the articles contained therein published in May 2019;
- No. TX 8-873-633 for Volume 35 covering 4 collective works and the articles contained therein published in June 2019;
- No. TX 8-829-669 for Volume 35 covering 4 collective works and the articles contained therein published in July 2019;
- No. TX 8-873-512 for Volume 35 covering 4 collective works and the articles contained therein published in August 2019;
- No. TX 8-839-512 for Volume 35 covering 5 collective works and the articles contained therein published in September 2019;
- No. TX 8-873-631 for Volume 35 covering 4 collective works and the articles contained therein published in October 2019;
- No. TX 8-842-681 for Volume 35 covering 4 collective works and the articles contained therein published in November 2019;
- No. TX 8-857-253 for Volume 35 covering 5 collective works and the articles contained therein published in December 2019;
- No. TX 8-873-633 for Volume 36 covering 4 collective works and the articles contained therein published in January 2020; and
- No. TX 8-873-519 for Volume 36 covering 4 collective works and the articles contained therein published in February 2020.

**C.** **The NGW Copyright Notices**

20. Plaintiff has complied with the laws pertinent to providing notice of Plaintiff's copyrights in, and to, the NGW Publications and Plaintiff's other publications. Specifically, Plaintiff provides copyright notices and warnings on its website, e-mails, articles, and publications, including the NGW Publications, so that third parties are aware of Plaintiff's rights in its publications and works of original authorship (the "Copyright Notice and Warnings"). As a representative example, the Copyright Notice and Warnings contained in the e-mail transmitting the September 2, 2019 Registered NGW Work state:

> Copyright © 2019 Energy Intelligence Group, Inc.  All rights reserved.
>
> Reproduction or distribution internally or externally in any manner (photostatically, electronically, or via facsimile), including by sharing printed copies, or forwarding or posting on local- and wide-area networks and intranets, or sharing user name and password, is strictly prohibited without appropriate license from Energy Intelligence – Contact customerservice@energyintel.com for more information.

(Exhibit C).

21.     As an additional representative example, the Copyright Notice and Warnings on the front cover of the September 2, 2019 Registered NGW Work specifically state: "Copyright © 2019 Energy Intelligence Group.  All rights reserved.  Unauthorized access or electronic forwarding, even for internal use, is prohibited."  (Exhibit A at 1).

22.     As a further representative example, Plaintiff also uses the following Copyright Notice and Warnings in NGW:

> Copyright © 2019 by Energy Intelligence Group, Inc. [. . .] All rights reserved.  Access, distribution and reproduction are subject to the terms and conditions of the subscription agreement and/or license with Energy Intelligence. Access, distribution, reproduction or electronic forwarding not specifically defined and authorized in a valid subscription agreement or license with Energy Intelligence is willful copyright infringement. Additional copies of individual articles may be obtained using the pay-per-article feature offered at www.energyintel.com.

(Exhibit A at 15).

23.     Based on these representative examples of the Copyright Notice and Warnings set forth in the NGW Publications, Plaintiff is in compliance with the copyright notice requirements set forth in the Copyright Act, 17 U.S.C. § 401.

24.     Accordingly, Defendant knew or should have known that the September 2, 2019 Registered NGW Work and all other issues of the NGW Publications received by the Defendant, and the articles contained therein, were and are protected by U.S. copyright laws.

25. The copyright notices appearing conspicuously on multiple materials received by the Defendant, including the NGW Publications, demonstrate Defendant's actual notice of Plaintiff's copyrights in the Registered NGW Works received by the Defendant and the articles contained therein, all of which are protected by U.S. copyright laws.

26. Defendant had constructive knowledge of Plaintiff's copyrights in the Registered NGW Works based on receiving the Registered NGW Works containing the copyright notices prominently displayed in each of the NGW Publications.

27. Having complied with the copyright notice requirements set forth in the Copyright Act, 17 U.S.C. § 401, Plaintiff has provided Defendant with complete and proper notice of Plaintiff's copyrights in the Registered NGW Works.

### D. Defendant's NGW Subscription History

28. From at least as early as May 2004 through the present, Defendant has maintained a subscription for a single-copy of NGW and the articles therein by email delivery.

29. Ms. Maria Weible, was the person designated by PECO to receive its single copy of NGW from May 22, 2017 through February 14, 2020. Upon information and belief Ms. Weible is a Sr. Energy Acquisitions Analyst at Defendant.

30. From at least as early as 2004 through the present, Plaintiff transmitted to Defendant invoices and/or subscription agreements on an annual basis for the renewal of its subscription to NGW (the "NGW Agreements").  By way of example, the invoice and subscription agreement for Defendant's single-copy license to NGW, which was in effect on September 2, 2019 (the "2019-2020 NGW Agreement"), specifically states that:

> By payment of this invoice and/or use of EIG Services, you hereby acknowledge receipt, review and acceptance of Energy Intelligence's terms and conditions shown on the reverse side of this invoice.

A copy of the 2019-2020 NGW Agreement is annexed hereto as Exhibit D.

31. The 2019-2020 NGW Agreement further states in part that:

> [a]ll unauthorized reproductions, or disseminations or other uses of material contained in the EIG Services shall be deemed willful infringement of EIG's copyright and/or other proprietary and intellectual property rights.

32. Defendant has accepted the terms of the NGW Agreements as well as the subscription services provided by Plaintiff under the NGW Agreements.

### E. Defendant's Infringement of the Registered NGW Works

33. Plaintiff has analyzed data reflecting Defendant's activity on the servers of the third-party email delivery service (the "Delivery Service") that delivers NGW to Defendant. Although neither Plaintiff nor the Delivery Service have ever accessed Defendant's servers or computer systems, various employees of Defendant have downloaded certain information and images contained in the cover email provided with each issue of NGW from the Delivery Service's servers.

34. The data from the Delivery Service's servers indicates that the emails delivering NGW were opened multiple times in short periods of time, using multiple unique devices. Upon information and belief, Defendant has been copying and distributing copies of the Registered NGW Works to employees of Defendant.

35. Upon information and belief, the email delivering the September 2, 2019 Registered NGW Work to Maria Weible was opened approximately 29 times on 14 unique devices, demonstrating that Defendant made and distributed copies of the September 2, 2019 Registered NGW Work to multiple employees of Defendant.

36. Upon information and belief, the email delivering the issue of NGW dated April 8, 2019 (the "April 8, 2019 Registered NGW Work") to Maria Weible was opened approximately 21

9

times by 7 unique devices, demonstrating that Defendant made and distributed copies of the April 8, 2019 Registered NGW Work.

37.     Upon information and belief, the email delivering the issue of NGW dated July 15, 2019 (the "July 15, 2019 Registered NGW Work") to Maria Weible was opened approximately 10 times by 4 unique devices, demonstrating that Defendant made and distributed copies of the July 15, 2019 Registered NGW Work.

38.     Upon information and belief, the unlawful copying and distribution of the Registered NGW Works by Defendant began as least as early as May 2017 and has continued through February 2020.

39.     Upon information and belief, Defendant's email servers, servers, and computer systems are highly secure and only those individuals or entities that Defendant designates may access them.

40.     Upon information and belief, Defendant's email servers, servers, and computer systems cannot be accessed by the general public or by Plaintiff.

41.     Upon information and belief, despite notice of the numerous Copyright Notice and Warnings against reproduction and copying and the terms and conditions of Defendant's subscriptions to NGW, Defendant has been making copies of the Registered NGW Works, and the articles contained therein, and forwarding or otherwise distributing the same, all in violation of Plaintiff's copyrights in the Registered NGW Works.

42.     Plaintiff has never authorized Defendant to copy, transmit, or distribute the Registered NGW Works in a manner exceeding the scope of its subscription licenses.

43. Upon information and belief, Defendant actively and willfully infringed Plaintiff's registered copyrighted works and concealed its regular and systematic copying and forwarding of the Registered NGW Works, and the articles contained therein, from Plaintiff.

44. By unlawfully copying, transmitting and distributing the Registered NGW Works, Defendant has, and is, violating Plaintiff's exclusive rights to reproduce and distribute the Registered NGW Works.

45. Upon information and belief, Defendant's acts of copying and distributing the Registered NGW Works constitute willful infringement of Plaintiff's Registered NGW Works.

## COUNT ONE

### (INFRINGEMENT OF THE REGISTERED NGW WORKS)

46. Plaintiff repeats and realleges the allegations of Paragraphs 1-45 as though fully set forth herein.

47. The Registered NGW Works are highly original and contain creative expression and independent analysis. The individual works comprising the Registered NGW Works are original works copyrightable under 17 U.S.C. § 102(a).

48. Plaintiff owns all right, title, and interest in and to the Registered NGW Works and is the owner of valid copyright registrations for the Registered NGW Works. *See* Exhibit B.

49. As the owner of the Registered NGW Works, Plaintiff has the exclusive right to reproduce the Registered NGW Works and distribute copies of the Registered NGW Works pursuant to Section 106 of the Copyright Act, 17 U.S.C. § 106.

50. Copies of the Registered NGW Works were made available to and were received by Defendant pursuant to subscription agreements for a single-copy license to NGW.

51.     Upon information and belief, Defendant has for years willfully copied and distributed the Registered NGW Works on a consistent and systematic basis, without Plaintiff's authorization or consent, and concealed these activities from Plaintiff.

52.     Based on the inclusion of the Copyright Notice and Warnings contained in each of Plaintiff's publications, including the Registered NGW Works, in the language of the subscription agreements, in the transmittal cover emails delivering the Registered NGW Works to Defendant, and on Plaintiff's website, Defendant knew and/or was on notice that the Registered NGW Works were and are protected by the copyright laws, and Defendant is therefore unable to assert a defense of innocent infringement. *See* 17 U.S.C. § 401(d).

53.     Defendant's subscription agreements for a single-copy license to NGW, and U.S. copyright law, prohibit copying and distributing of the Registered NGW Works.  17 U.S.C. § 501(a).

54.     Upon information and belief, Defendant willfully infringed the copyrights in the Registered NGW Works by acting with knowledge that its actions constituted infringement, or at least with reckless disregard of the possibility that the conduct complained about constitutes infringement.

55.     Defendant's acts violate Plaintiff's exclusive rights under § 106 of the Copyright Act of 1976, 17 U.S.C. § 106, as amended, and constitute willful infringement of Plaintiff's copyrights in the Registered NGW Works.  Defendant's past and continuing copying, transmitting, and distribution of Plaintiff's Registered NGW Works constitute a willful, deliberate, and ongoing infringement of Plaintiff's copyrights and are causing irreparable harm and damage to Plaintiff.

56.     Plaintiff has no adequate remedy at law.

**JURY DEMAND**

Plaintiff hereby demands a jury trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant on the foregoing claim as follows:

(1) That Defendant, its directors, officers, agents, subsidiaries, and affiliates, and all persons acting by, through, or in concert with any of them, be permanently enjoined from infringing any copyrights of Plaintiff in any manner, and from copying, exhibiting, transmitting, displaying, distributing, or preparing derivative works from any of the copyrighted material in any past, present, or future issue of NGW, including the Registered NGW Works and the articles contained therein;

(2) That Defendant be required to pay to Plaintiff such actual damages as it has sustained and/or statutory damages as a result of Defendant's copyright infringement pursuant to 17 U.S.C. § 504, which should be increased due to Defendant's willful infringement pursuant to 17 U.S.C. § 504(c)(2);

(3) That Defendant be required to account for and disgorge to Plaintiff all gains, profits, and advantages derived from its copyright infringement pursuant to 17 U.S.C. § 504;

(4) That the Court issue an Order requiring Defendant to hold harmless and indemnify Plaintiff from any claim(s) raised by any third party who allegedly relied on any of Plaintiff's publications it received as a result of Defendant's unauthorized use of the Plaintiff's copyrighted materials;

(5) That the Court enter judgment against Defendant in favor of Plaintiff's claims, including pre-judgment and post-judgment interest, as allowed by law;

(6) That the Court enter judgment against Defendant finding that its unlawful copying, transmitting, and distributing of the Registered NGW Works and the articles contained therein was willful;

(7) That Defendant be ordered to pay to Plaintiff its costs in this action along with reasonable attorneys' fees pursuant to 17 U.S.C. § 505; and

(8) That Plaintiff be granted such other, further, and different relief as the Court deems just and proper.

Dated: May 21, 2021                                Respectfully submitted,


                                ECKERT SEAMANS CHERIN & MELLOT, LLC


                                By:   /s/ Frank R. Emmerich Jr.
                                       Frank R. Emmerich Jr., Esq.
                                         Sarah Boutros, Esq.
                              Two Liberty Place
                              50 South 16th Street
                              Philadelphia, Pennsylvania 19102
                              (215) 851-8409
                              Email: femmerich@eckertseamans.com
                                            sboutros@eckertseamans.com

OF COUNSEL:

POWLEY & GIBSON, P.C.
Robert Powley, Esq.
rlpowley@powleygibson.com
New York State Bar No. 2467553
James M. Gibson, Esq.
jmgibson@powleygibson.com
New York State Bar No. 2622629
Stephen M. Ankrom, Esq.
New York State Bar No. 4609426

POWLEY & GIBSON, P.C.
60 Hudson Street, Suite 2203
New York, NY 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085

Attorneys for Plaintiff,
ENERGY INTELLIGENCE GROUP, INC.